## Case No. 10,263.

### Ex parte NIGHTINGALE.

[1 N. Y. Leg. Obs. 8.]

District Court, S. D. New York. Sept. 4, 1842.

ASSIGNMENT FOR BENEFIT OF CREDITORS—INJUNCTION TO RESTRAIN ASSIGNEES FROM ACTING UNDER ASSIGNMENT.

1. An injunction will not be granted to restrain assignees of the estate and effects of the debtor against whom an adverse decree is sought to restrain them from acting under the assignment, although it is alleged that such assignment is fraudulent and void under the act of congress; it is only in ·cases of actual danger to the property of the bankrupt, and not against its possible waste or misapplication, that the court will interfere by injunction.

2. But the court will protect the assets of a bankrupt when his individual assignee is irresponsible, or where he is charged with wasting them.

In this case an application for an adverse decree in bankruptcy against Peter Booth had been made by John Nightingale, and it appeared that on or about the 31st day of May last, Booth, being in insolvent circumstances, had made an assignment of his estate and effects to one Henry I. Ennis and Duncan M'Ewing, and it was alleged that under such assignment certain creditors of said Booth had been preferred, and that such assignment was in other respects fraudulent and void under the act of congress establishing a uniform system of bankruptcy; it also appeared, that the petitioning creditor was apprehensive that the assignees between the time of filing the petition for a decree, and the time for showing cause, would proceed to sell the property and effects of Booth, and distribute the proceeds among the creditors preferred.

Mr. Fessenden this day moved for an injunction against the assignees of Booth, to restrain their acting under the assignment, upon an affidavit detailing the above circumstances.

BETTS, District Judge. This application cannot be sustained; the court will award an injunction to protect the assets of a bankrupt when his individual assignee is charged with wasting them, or it appearing that such assignee is wholly irresponsible; so where there are facts to show the probability of the assets being withdrawn or concealed when the decree of bankruptcy should be rendered; it does not however appear in this case that there is any danger of loss or misapplication

of the effects, and it is not the course of the court to allow an injunction, merely on the apprehension of a creditor that the property might be dissipated or put out of the general assignment. The court interferes with this high process only in the case of actual and imminent danger to the property of the bankrupt, and not as a mere preventive against its possible waste or misapplication. Injunction refused.